UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE JACKSON,<br>      Plaintiff<br><br>V.<br><br>UNITED STATES OF AMERICA<br>DEPARTMENT OF THE NAVY, WOODS<br>HOLE OCEANOGRAPHIC INSTITUTION,<br>      Defendants, | )<br>)<br>)<br>)   Civil Action<br>)<br>)   No. _____<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and says:

**PARTIES**

1.   The Plaintiff, LAWRENCE JACKSON, is a resident of Milan, New Hampshire.

2.   The UNITED STATES OF AMERICA DEPARTMENT OF THE NAVY(HEREINAFTER "UNITED STATES NAVY") pursuant to 46 U.S.C. § 30901 et seq. and 46 U.S.C. § 31101 et seq. has consented to be sued.

3.   The Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION is a corporation, duly organized and existing under the laws of the Commonwealth of Massachusetts.

4.   From approximately 1997 through approximately February 9, 2016, the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION was doing business within the Commonwealth of Massachusetts.

5.   Proper notice of this claim was given to the UNITED STATES NAVY on or about September 20th/21st, 2016.

## FACTS

6. From approximately 1997 through approximately February 9, 2016, the Defendant, UNITED STATES NAVY, owned the R/V ATLANTIS which was and is a public vessel of the UNITED STATES NAVY.

7. From approximately 1997 through approximately February 9, 2016, pursuant to contract with the Defendant, UNITED STATES NAVY, the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTE was ship manager of the R/V ATLANTIS.

8. The R/V ATLANTIS homeport and/or regular port of call is WOODS HOLE OCEANOGRAPHIC INSTITUTE, Woods Hole, Massachusetts.

9. From approximately 1997 through approximately February 9, 2016, the Plaintiff, LAWRENCE JACKSON, was employed by the Defendant, the UNITED STATES NAVY.

10. From approximately 1997 through approximately February 9, 2016, the Plaintiff, LAWRENCE JACKSON, was employed by the Defendant, the UNITED STATES NAVY as a seaman, and a member of the crew of the R/V ATLANTIS.

11. From approximately 1997 through approximately February 9, 2016, the Defendant, the UNITED STATES NAVY operated the R/V ATLANTIS.

12. From approximately 1997 through approximately February 9, 2016, the Defendant, the UNITED STATES NAVY, agents, servants, and/or employees, controlled the R/V ATLANTIS.

13. From approximately 1997 through approximately February 9, 2016, the Plaintiff was employed by the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION.

14. From approximately 1997 through approximately February 9, 2016, the Plaintiff,

LAWRENCE JACKSON, was employed by the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION as a seaman, and a member of the crew of the R/V ATLANTIS.

15. From approximately 1997 through approximately February 9, 2016, the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION owned the R/V ATLANTIS.

16. From approximately 1997 through approximately February 9, 2016, the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION chartered the R/V ATLANTIS from some other person or entity such that WOODS HOLE OCEANOGRAPHIC INSTITUTION was the owner pro hac vice of the R/V ATLANTIS.

17. From approximately 1997 through approximately February 9, 2016, the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION operated the R/V ATLANTIS.

18. From approximately 1997 through approximately February 9, 2016, the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION, agents, servants, and/or employees, controlled the R/V ATLANTIS.

19. From approximately 1997 through approximately February 9, 2016, the R/V ATLANTIS was in navigable waters.

20. From approximately 1997 through approximately February 9, 2016, while in the performance of his duties in the service of the R/V ATLANTIS, the Plaintiff, LAWRENCE JACKSON, was exposed to excessive loud noise on the vessel and sustained personal injuries, including but not limited to hearing loss and tinnitus and other conditions which will be shown at trial.

21.     Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, LAWRENCE JACKSON, was exercising due care.

## JURISDICTION & VENUE

22.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq., Public Vessels Act, 46 U.S.C. § 31101 et seq. and The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104.

23.     Alternatively, this Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332 and 28 U.S.C. § 1333.

24.     Pursuant to 46 U.S.C. § 31104 and 46 U.S.C. § 30906, venue is proper since Massachusetts is the home port and/or regular port of call of the R/V ATLANTIS and the R/V ATLANTIS is likely to come within the district during litigation.

## COUNT I
## LAWRENCE JACKSON v. UNITED STATES OF AMERICA
## DEPARTMENT OF THE NAVY
## (JONES ACT NEGLIGENCE)

25.     The Plaintiff, LAWRENCE JACKSON, reiterates the allegations set forth in paragraphs 1 through 24 above.

26.     The personal injuries sustained by the Plaintiff, LAWRENCE JACKSON, were not caused by any fault on his part but were caused by the negligence of the Defendant, UNITED STATES NAVY, its manager, agents, servants and/or employees and/or agents, servants and/or employees.

27.     As a result of said injuries, the Plaintiff, LAWRENCE JACKSON, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical

expenses, and has sustained and will sustain other damages as will be shown at trial.

28. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, LAWRENCE JACKSON, demands judgment against the Defendant, UNITED STATES NAVY, in an amount to be determined by the Court together with interest and costs.

## COUNT II
## LAWRENCE JACKSON v. UNITED STATES OF AMERICA DEPARTMENT OF THE NAVY
## (GENERAL MARITIME LAW - UNSEAWORTHINESS)

29. The Plaintiff, LAWRENCE JACKSON, reiterates the allegations set forth in paragraphs 1 through 24 above.

30. The personal injuries sustained by the Plaintiff, LAWRENCE JACKSON, were due to no fault of his, but were caused by the unseaworthiness of the R/V ATLANTIS.

31. As a result of said injuries, the Plaintiff, LAWRENCE JACKSON has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

32. This cause of action is brought under the General Maritime Law for unseaworthiness.

WHEREFORE, the Plaintiff, LAWRENCE JACKSON, demands judgment against the Defendant, UNITED STATES NAVY, in the amount to be determined by the Court together with interest and costs.

## COUNT III
## LAWRENCE JACKSON V. WOODS HOLE OCEANOGRAPHIC INSTITUTION
### (JONES ACT NEGLIGENCE)

33. The Plaintiff, LAWRENCE JACKSON, reiterates the allegations set forth in paragraphs 1 through 24 above.

34. The personal injuries sustained by the Plaintiff, LAWRENCE JACKSON, were not caused by any fault on his part, but were caused by the negligence of the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION, its agents, servants and/or employees.

35. As a result of said injuries, the Plaintiff, LAWRENCE JACKSON, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

36. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, LAWRENCE JACKSON, demands judgment against the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION, in an amount to be determined by a Jury, together with interest and costs.

## COUNT IV
## LAWRENCE JACKSON V. WOODS HOLE OCEANOGRAPHIC INSTITUTION
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

37. The Plaintiff, Lawrence Jackson, reiterates the allegations set forth in paragraphs 1 through 24 above.

38. The personal injuries sustained by the Plaintiff, LAWRENCE JACKSON, were due to no fault of his, but were caused by the unseaworthiness of the R/V ATLANTIS.

39. As a result of said injuries, the Plaintiff, LAWRENCE JACKSON has suffered

pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

40. This cause of action is brought under the General Maritime Law for unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, LAWRENCE JACKSON, demands judgment against the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION, in an amount to be determined by a Jury, together with interest and costs.

## COUNT V
## LAWRENCE JACKSON V. WOODS HOLE OCEANOGRAPHIC INSTITUTION
### (GENERAL MARITIME LAW - MAINTENANCE AND CURE)

41. The Plaintiff, LAWRENCE JACKSON, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

42. As a result of the personal injuries described in paragraph 20 above, the Plaintiff, LAWRENCE JACKSON, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, LAWRENCE JACKSON, demands judgment against the Defendant, WOODS HOLE OCEANOGRAPHIC INSTITUTION, in an amount to be determined by a Jury for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS III – IV OF THIS COMPLAINT**

                RESPECTFULLY SUBMITTED FOR THE PLAINTIFF, LAWRENCE JACKSON, BY HIS ATTORNEY,

                <u>/s/ Carolyn M. Latti</u>
                Carolyn M. Latti, Esq.
                BBO #567394
                David F. Anderson, Esq.
                BBO #560994
                Latti & Anderson LLP
                30-31 Union Wharf
                Boston, MA 02109
                617-523-1000
                clatti@lattianderson.com

Dated: November 22, 2016